**MOMARC UTILITIES CORPORATION et al., Appellants,**

**v.**

**CITY OF SALYERSVILLE et al., Appellees.**

Court of Appeals of Kentucky.

April 17, 1959.

John G. Prather, Somerset, Earl Cooper, Salyersville, for appellants.

Mann & Mann, Salyersville, Combs & Combs, Prestonsburg, for appellees.

CULLEN, Commissioner.

The City of Salyersville, its mayor and the members of the city council, and three taxpayers of the city, brought action against Momarc Utilities Corporation, alleging that Momarc was operating a natural gas distribution system in the city without a franchise, and praying that Momarc be enjoined from continuing to operate in the city and be compelled to remove its pipes and other equipment from the streets of the city. Momarc counterclaimed, asking that the city be compelled to advertise and sell a franchise for a gas distribution system. Judgment was entered denying either party the injunctive relief sought, and adjudging that Momarc could continue to operate "until such time as the City has properly sold a franchise and secured a utility Company

ready and able to sell natural gas to the residents of the City at which time the present utility would cease its operation."

Momarc has appealed, contending that the city should have been compelled by the judgment to advertise and sell a franchise, and the city has cross-appealed, maintaining that the court should have ordered Momarc to cease operations and remove its equipment.

It appears that a predecessor of Momarc at one time had a franchise from the city, but it expired many years ago, and for at least 15 years Momarc has been operating without a franchise.

Under the decision in Kentucky Utilities Co. v. Board of Commissioners of Paris, 254 Ky. 527, 71 S.W.2d 1024, Momarc would be entitled to compel the city to advertise and sell a franchise, and to continue in operation in the meantime. However, by a statutory change subsequent to the decision in the Paris case, it is now provided that if a city of the class of Salyersville "desires to own and operate a municipal plant to render the required service," it need not sell a franchise. KRS 96.010(2). Salyersville has asserted in this action that it "desires" to own and operate a municipal plant, and therefore, it contends, it cannot be compelled to sell a franchise.

Although the statute, KRS 96.010 (2), uses the word "desires," we think the legislature contemplated something more than mere wishful thinking or a passive mental attitude as a basis for refusing the sale of a franchise and compelling the discontinuance of operations by an existing private utility. We think something more than mere desire—some bona fide, overt action leading towards the fulfillment of that desire—was intended by the legislature to be required as a condition of the ouster of an existing utility.

It is our opinion that Salyersville should be permitted a reasonable period of time within which to take positive action towards the acquisition of a municipal plant.

We believe one year would be a reasonable period. If at the end of that period it has not proceeded with due dispatch towards the acquisition of a municipal plant, an order shall be entered compelling the sale of a franchise. If the city has proceeded with due dispatch, an estimated completion date shall be specified, and at least six months' advance notice of that date shall be given to Momarc, and Momarc shall be compelled to cease operations by that date. Momarc will be entitled to continue operations until the new franchise is sold or until the specified completion date for the municipal plant, as the case may be. The case will be continued on the docket of the circuit court for such supervisory orders as may be necessary.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.